UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DORCAS M.L.,

                    Plaintiff,

    v.                                          8:20-CV-1258
                                                        (DJS)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| COLLINS & HASSELER, PLLC<br>Attorney for Plaintiff<br>225 State Street<br>Carthage, New York 13619 | VICTORIA H. COLLINS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>J.F.K. Federal Building - Room 625<br>Boston, Massachusetts 02203 | JESSICA RICHARDS, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision denying Plaintiff disability benefits is reversed, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1961, making her 58 years old on the date of the ALJ's decision. Dkt. No. 10, Admin. Tr. ("Tr.") at p. 34. Plaintiff is a high school graduate, who attended regular education classes while in school. *Id*. Her prior employment included work as an insurance appraiser, certified nursing assistant, retail sales associate, and retail supervisor. Tr. at pp. 35-37 & 579. Plaintiff alleges disability based upon a number of physical and mental impairments including degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), chronic arthritis, anxiety, and depression. Tr. at p. 156.

### B. Procedural History

Plaintiff applied for disability insurance benefits on June 27, 2018. Tr. at p. 77. She alleged a disability onset date of April 26, 2018. Tr. at p. 137. Plaintiff's application was initially denied on September 12, 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 62-84 & 88-89. Plaintiff appeared at a hearing before ALJ Dory Sutker on November 21, 2019, at which she and

a vocational expert ("VE") testified. Tr. at pp. 29-61. On December 4, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 8-27. On September 15, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements through December 31, 2023 and had not engaged in substantial gainful activity from her alleged onset date of April 26, 2018. Tr. at p. 13. Second, the ALJ found that Plaintiff had the following severe impairments: degenerative disease of the lumbar spine and right knee, COPD, and obesity. *Id*. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 16-17. Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except:

> she should not climb ladders, ropes or scaffolding; she should not crawl; she is limited to occasional climbing of ramps/stairs, balancing, stooping, and kneeling; she should not be exposed to temperature extremes or vibration and she should avoid concentrated exposure to dust, fumes, odors and other respiratory irritants.

Tr. at p. 17. Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 20. Sixth, the ALJ found that Plaintiff was in the "advanced age"

category, has at least a high school education, and is able to communicate in English. *Id.* Seventh, the ALJ found that Plaintiff has acquired transferable work skills in customer service and inventory/ordering from her past relevant work, and thus there were jobs existing in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 21-22. The ALJ, therefore, concluded that Plaintiff was not disabled from April 26, 2018 through the date of the decision. Tr. at p. 22.

### D.  The Parties' Positions

Plaintiff makes two arguments in support of reversal. First, she argues that the ALJ erred at step two by failing to find that Plaintiff's depression and right hip pain were severe impairments. Dkt. No. 11, Pl.'s Mem. of Law at pp. 14-18. Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. *Id.* at pp. 18-22. Defendant counters that the ALJ properly evaluated the record evidence and that her determination is supported by substantial evidence. *See generally* Dkt. No. 15, Def.'s Mem. of Law.

### II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986

(2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably

5

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The ALJ's Evaluation of Plaintiff's Mental Impairments

Plaintiff argues that the ALJ erred by finding that Plaintiff's depression and related mental impairments are not severe and compounded that error by failing to consider the effects of Plaintiff's mental impairments in crafting the RFC. Pl.'s Mem. of Law at pp. 14-17. Echoing other recent decisions in this Circuit, this court finds that, "regardless of whether substantial evidence supports the step two analysis, remand is required because [the ALJ] did not consider the non-severe mental impairments when determining Plaintiff's RFC." *Laura Anne H. v. Saul*, 2021 WL 4440345, at *9 (N.D.N.Y. Sept. 28, 2021); *see also Mandy C. v. Saul*, 2020 WL 1245348, at *6 (N.D.N.Y. Mar. 16, 2020) (If an ALJ finds that non-severe impairments result in "mild" restrictions, the ALJ must analyze those restrictions in determining the claimant's RFC.)

"It is axiomatic that the ALJ is required to consider a plaintiff's mental impairments, even if not severe, in formulating the RFC." *Rookey v. Comm'r of Soc. Sec.*, 2015 WL 5709216, at *4 (N.D.N.Y. Sept. 29, 2015) (collecting cases). Thus, even where substantial evidence supports the ALJ's finding that a mental impairment is not severe, remand is appropriate when the ALJ failed to account for those mental limitations when determining the RFC. *Parker-Grose v. Astrue*, 462 Fed. Appx. 16, 18 (2d Cir. 2012) (citing 20 C.F.R. § 404.1545(a)(2)) ("We will consider all of your

7

medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' ... when we assess your [RFC] ...")); *Laura Anne H. v. Saul*, 2021 WL 4440345, at *9 (collecting cases).

In this case, the ALJ found at step two that Plaintiff's "ongoing symptoms of depression and anxiety" caused "mild limitation" in four functional areas: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. Tr. at 16. Because these mental impairments caused "no more than 'mild limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities," the ALJ found them to be non-severe. Tr. at p. 16 (citing 20 CFR 404.1520a(d)(1)).

The ALJ marshaled a variety of evidence to support the step two determination regarding Plaintiff's mental impairments and the resulting mild limitations, including treatment notes, the consultative psychiatric examination of Dr. Dennis Noia, the opinion of Plaintiff's treating therapist, Alex Dickinson, and the opinions from non-examining state agency consultants who had reviewed Plaintiff's psychiatric records. Tr. at pp. 14-16. However, the ALJ did not address those mild limitations when formulating Plaintiff's RFC. Tr. at pp. 17-20.

During the step two analysis, the ALJ recognized the need to address the non-severe mental health impairments in the RFC analysis when she said,

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

Tr. at p. 16.

Without more, this boilerplate recitation "is insufficient to satisfy the legal requirement that the 'RFC assessment . . . include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Macdonald v. Comm'r of Soc. Sec.*, 2019 WL 3067275, at *3 (W.D.N.Y. July 11, 2019) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)); *see also Mandy C. v. Saul,* 2020 WL 1245348, at *6.

In this case, the ALJ provided little in the RFC analysis regarding Plaintiff's mental limitations, by making a single reference[2] to a September 25, 2018 check-box form completed by Plaintiff's primary care physician, Dr. Andrew Williams, opining that Plaintiff had no mental limitations. Tr. at pp. 20 & 378. Despite mentioning it at step two, the ALJ's RFC analysis did not address the apparent worsening of Plaintiff's depression and anxiety after the date of Dr. Williams' opinion, as documented by an increased frequency of treatment and adjustments in her medication. Tr. at pp. 14, 766,

---

[2] When assessing Plaintiff's physical functional limitations, the ALJ also cited descriptions of Plaintiff' daily activities found in her mental health records. Tr. at pp. 18-19.

770, 792, 822 & 836. This minimal analysis does not provide an adequate explanation of the impact, if any, of Plaintiff's depression and anxiety, even if the ALJ had substantial evidence to find them non-severe at step two. *See Gomez v. Saul*, 2020 WL 8620075, at *25 (S.D.N.Y. Dec. 23, 2020), *report-recommendation adopted sub nom. Gomez v. Comm'r of Soc. Sec.*, 2021 WL 706744 (S.D.N.Y. Feb. 22, 2021) ("[E]ven if an ALJ finds that a claimant's non-severe impairments result in only "mild" restrictions, the ALJ must analyze those restrictions in determining the claimant's RFC."); *Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 741 (S.D.N.Y. 2018) (the ALJ made two references to the plaintiff's mental conditions in the RFC but did not explain how the RFC finding included consideration of the plaintiff's non-severe mental impairments); *see also Laurie Anne H. v. Saul*, 2021 WL 4440345, at *10 (finding legal error requiring remand where ALJ's RFC determination failed to address Plaintiff's non-severe mental impairments, after finding they imposed "mild" limitations at step two); *Mandy C. v. Saul*, 2020 WL 1245348, at *6 (remanding where ALJ failed to account for plaintiff's mental limitations in the RFC, despite finding that she suffered from non-severe mental impairments at step two).

There is at least a reasonable likelihood that a different result could be reached if the ALJ properly considered Plaintiff's non-severe mental impairments when evaluating her RFC. Because this court "cannot be certain that the ALJ actually considered [Plaintiff's] mental issues when addressing her RFC," remand for further administrative proceedings is necessary. *Mandy C. v. Saul*, 2020 WL 1245348, at *6 (quoting

*MacDonald v. Comm'r of Soc. Sec.*, 2019 WL 3067275, at *4).  On remand, the ALJ should consider all of Plaintiff's impairments in the RFC determination regardless of their severity.  It may well be that the ALJ finds that Plaintiff's mental impairments do not impose functional limitations on her RFC.  However, the ALJ must explain her reasoning for that finding.  *See, e.g, Goettel v. Comm'r of Soc. Sec.*, 2019 WL 6037169, at *4 (W.D.N.Y. Nov. 14, 2019) (affirming where "the ALJ specifically considered the medical evidence pertaining to Plaintiff's mental impairments at step four and determined no additional mental limitations were warranted"); *Crumedy v. Comm'r of Soc. Sec.*, 2017 WL 4480184, at *6 (N.D.N.Y. Oct. 6, 2017) (affirming where the evidence suggested that plaintiff's impairment imposed no more than a minimal effect on his functioning and substantial evidence supported the ALJ's conclusion that there was no basis for including limitations regarding the non-severe impairment in the RFC).

### B.  Plaintiff's Other Arguments

Because the Court is remanding for proper consideration of Plaintiff's severe and non-severe impairments, the Court will not consider Plaintiff's additional arguments regarding the ALJ's RFC analysis and Step Five determination, because those decisions will necessarily be revisited upon remand.  *See, e.g., Emily B. v. Comm'r of Soc. Sec.*, 2020 WL 2404762, at *11 (N.D.N.Y. May 12, 2020) (declining to address specific challenges to RFC and step five determination while remanding for consideration of newly submitted medical opinion evidence); *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments

concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED,** that the decision of the Commissioner denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of section 405(g) as set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 25, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge